## WALTER MURPHY'S (dependent's) CASE.

Suffolk.    December 10, 1913. — June 17, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Workmen's Compensation Act.*

Under St. 1911, c. 751, Part II, § 6, the Industrial Accident Board may award to a father as having been partly dependent for support upon the earnings of a son fifteen years of age, who received an injury arising out of and in the course of his employment from the results of which he died, the minimum compensation of $4 a week for a period of three hundred weeks, although the wages of the boy were $5.67 a week and the father furnished him with board, lodging and clothing which cost at least $2.50 a week, if the boy contributed his entire wages to his father, and these with the wages of the father and of two others of the children were used completely, with no surplus, in the support of the whole family consisting of the father and mother and nine minor children including the deceased employee.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board awarding to Daniel Murphy as partly dependent for support on the earnings of his son Walter Murphy, a minor fifteen years of age, who received a personal injury arising out of and in the course of his employment which

resulted in his death on September 26, 1912, the sum of $4 a week for three hundred weeks from September 20, 1912, the date of the injury, in accordance with the terms of St. 1911, c. 751, Part II, § 6.

The case was heard by *Pierce*, J. The facts shown by the report of the Industrial Accident Board are stated in the opinion. The judge made a decree approving the decision of that board and ordering payment in accordance therewith. The insurer appealed.

*E. C. Stone*, for the insurer.

*A. T. Saunders*, for the dependent.

HAMMOND, J. At the time Walter Murphy was injured he was fifteen years of age and was earning $5.67 a week, all of which he had been turning over to his father, Daniel Murphy. The latter's family consisted of his wife and nine minor children, including Walter. Of these children three were at work "earning in the aggregate $21.67 per week, which was turned over to the father." The father earned about $10.50 a week, and these sums constituted the entire income of the family and were all "needed and used for their support, there being no surplus remaining." The father maintained his son Walter, furnishing him board, lodging and clothing, which cost at least $2.50 a week. The only question is whether the father is entitled to $4 a week minimum compensation, or some fraction thereof. The insurance company claims "that in determining the amount of compensation the fact should be considered that the father paid the expense of the son's maintenance to the extent of at least $2.50 per week and, therefore, could not have been dependent to the full extent of the earnings of the son." The claimant maintains "that this cost of maintenance should not be deducted from the earnings of the deceased in arriving at the amount contributed by him to the claimant weekly, in calculating the extent of the partial dependency."

The Industrial Accident Board, in rendering its decision, after finding that inasmuch as the sum contributed by Walter was the entire "weekly wage" of the son and not a fractional part thereof "the father is entitled, as such partial dependent, to the full minimum weekly compensation of $4 a week, and not to a fractional part of $4 a week," uses the following language as explanatory of the grounds of its decision:

"The workmen's compensation act, Section 6, Part II, provides

that if the employee leaves dependents only partly dependent upon his earnings for support, there shall be paid such dependents a weekly compensation equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents bears to the annual earnings of the deceased at the time of his injury. There is no provision in the act which provides for any deduction from an employee's wages when the employee contributes to the dependent all of his wages. The section above referred to provides for a case where only part of the employee's earnings are contributed to the dependent, and the statute gives no rule by which to measure the extent of the compensation due the partial dependent when the employee contributes all of his earnings, leaving it fair to assume that it was the intention of the Legislature in such a case, that the rule provided should be adopted, that one half of the wages of the employee should go to the dependent, which never should be less than the minimum of $4 per week. Notwithstanding the English case of *Tamworth Colliery Co.* v. *Hall*, 4 B. W. C. C. 313, in which it was held that the cost of the maintenance of the son and the value to the father of the son's services in the barber business should be taken into account in estimating the amount of compensation belonging to the dependent under the act, we find that there is no provision in our statute for any such deduction. The statute explicitly states that the dependent is entitled to the same proportion of the weekly payments as the amount contributed bears to the annual earnings. Had the amount contributed been $4 instead of $5.67, the claimant would have been entitled, under Section 6, Part II, to 400/567 of the minimum of $4, that is, to the payment of $2.82 a week, for the statutory period. We therefore find, that the deceased employee, Walter Murphy, contributed his entire earnings to the dependent Daniel Murphy, the proportion contributed being 100%, and that there is due the said dependent from the insurer 100% of the minimum compensation provided by the statute, that is, (the payment of $4 a week for three hundred weeks from September 20, 1912, the date of the injury)."

We adopt the reasoning of the board; and there is not much more to be said.

This statute was the beginning of a new kind of legislation and

was dealing with a class of cases involving an infinite variety of circumstances. The Legislature may well have thought that it was not wise to attempt at first to provide a specific rule for every possible case, but simply to provide a few general rules easily understood and easy of application and, as experience dictated from time to time, to make changes. In the present case the father had a large family which he was legally bound to support, and this he was bound to do, whether the children could help or not. The amount contributed by Walter went to help the father in the support of the whole family. Whether it is wise to distinguish as to the support of the individual members of a family in a case like this as the insurer suggests, is for the Legislature. We think that the conclusion of the Industrial Accident Board is in accordance with the language of the statute.

*Decree affirmed.*