STANISLAW DEMBINSKI's (dependents') CASE.

Worcester.    September 30, 1918. — November 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act*, Dependency.

In a claim under the workmen's compensation act by a partially dependent parent for the death of a minor child employed by a subscriber under the act which resulted from an injury arising out of and in the course of the child's employment, the measures of compensation under St. 1911, c. 751, Part II, §§ 6, 7, as amended by St. 1914, c. 708, §§ 2, 3 (c), are the "average weekly wages" of the employee and "the amount contributed by the employee" to the partially dependent parent out of such weekly wages, and no deduction is to be made for expenses incurred by the parent on account of the child.

In claims under the workmen's compensation act by the father and the mother of a minor son, alleged to have been partially dependent upon his wages for support, for his death which resulted from an injury arising out of and in the course of his employment, it appeared that the employee was about sixteen years of age and lived with his father, who was the head of the family, consisting of his wife, the employee and other children, that the wife "was the treasurer in the home and all the members of the family turned over their money to her," that the employee paid over his wages to his mother and, if she was not at home, would turn over the money to his father who afterwards would hand it to his mother, and that, when the employee wanted clothes, he went to his mother and either she or his father would go with him to buy them. *Held*, that the natural inference from this evidence was that the whole of the contribution of the employee was for the benefit of his father, who legally was entitled to the wages of his minor son and upon whom as the head of the family rested the legal obligation to support his wife and children, that the father did not relinquish his right to the wages of the employee by turning them over to his wife as his agent in managing the finances of the family, and that accordingly the entire award should be made to the father.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board ordering the insurer to pay to Joseph Dembinski and Anna Dembinski, his wife, as the partially dependent parents of Stanislaw Dembinski, a minor, whose death on April 12, 1917, resulted from an injury arising from and in the course of his employment, "a weekly compensation of $6.60 to be paid in equal shares to Joseph and Anna Dembinski for a period of five hundred weeks from April 12, 1917."

The case was heard by *Aiken,* C. J.   The evidence reported by the Industrial Accident Board is described in the opinion.   The judge made a decree in accordance with the decision of the Industrial Accident Board; and the insurer appealed.

*C. C. Milton,* for the insurer.

*C. Haggerty,* for the dependents, submitted the case without argument or brief.

RUGG, C. J.   The deceased employee met his death as the result of injury arising out of and in the course of his employment by a subscriber under the workmen's compensation act.   He was about sixteen years of age and lived at the home of his father, who was the head of his family consisting of his wife, the mother of the deceased, and other children.   The single member of the Industrial Accident Board and the full board on review found that the actual cash contribution turned over each week to the father and mother by the deceased was $9.89, and that partial dependency of each parent existed to the extent of one half that sum.

It is argued that the amount found to have been contributed by the deceased should be reduced by the sum of $100, which was spent each year by the mother for the purchase of such clothes as the deceased wanted, and which were necessary for him.   This contention is not sound.   In deciding the question whether a parent is wholly or partially dependent upon the wages of a deceased child, the expenses incurred by the parent on account of the child on the one side are to be weighed against the benefits, including wages, received by the parent from the labor of the child on the other side.   All the circumstances are to be considered in reaching a conclusion whether there is dependency in whole or in part.   To quote the words of § 7 of Part II of the act (St. 1911, c. 751) as amended by St. 1914, c. 708, § 3 (c), "In all other cases," that is to say, in all cases except those where the act by its terms fixes conclusive presumptions as to dependency, "questions of dependency, in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury."   All pertinent elements must be regarded in ascertaining what that fact is.   But when the fact of dependency in whole or in part has been established and it becomes necessary to determine the amount of compensation to be paid, then resort must be had to § 6 of the act, as amended by St. 1914, c. 708, § 2, and its

terms followed. That section contains no reference to any other standard in cases of partial dependency than the "average weekly wages" and "the amount contributed by the employee" out of such weekly wages. It makes no reference to expenses incurred by the parent on account of the child and authorizes no deductions on that account. That such expenses are not to be regarded in this connection was decided in *Murphy's Case,* 218 Mass. 278, and *Gove's Case,* 223 Mass. 187. These provisions of the act are important in cases where the deceased is a minor child and the claimant a parent under obligation to support. There is nothing in the present record to show that the deceased had ever been emancipated or that the ordinary legal relation between a father and minor son earning wages did not exist. Under such circumstances the father was entitled to the wages of the son and was obliged to furnish him reasonable support, including board and clothes. *Tornroos* v. *Autocar Co.* 220 Mass. 336, 341. There are no controlling facts to show that either parent acted as banker for the child by keeping the wages of the latter for his use. The record indicates rather that the parent exercised the common law right of receiving and using as his own the earnings of his minor child. That being so, the amount spent by the parent, presumably from his own funds, for clothing of the deceased son, is not to be deducted. In *Gove's Case,* where expenditures for "clothing, tuition and incidentals" were deducted from the wages in order to ascertain the amount contributed to the dependent parent, the deceased employee was a son who had reached his majority, and who therefore was responsible for his own clothing. That case is quite distinguishable from the present on this point.

The insurer contends that the finding of the board, to the effect that the father and mother were each partially dependent in equal degree upon the wages of the deceased, is not warranted by the evidence. This point is open on the appeal, although no request was made respecting it, because both the single member in his report and the board on appeal state that one of the questions to be decided is whether the claimants were dependent upon the earnings of the deceased employee. That shows that the point now urged was considered and passed upon at the hearings on the facts. The testimony of the father was that the deceased sometimes "would turn his money over to his father and some-

times to his mother, whoever happened to be at home. . . . If the boy needed a suit he would ask his mother to get it for him and she would do so." The mother testified that the deceased "handed her his pay envelope every Friday unopened. She was the treasurer in the home and all the members of the family turned over their money to her. If she was not at home Stanislaw would turn over his money to his father but the money was finally turned over to her. . . . When he wanted clothes : . . she would go down town with him and buy what he wanted." A sister of the deceased testified that "Stanislaw turned over all the money he earned to her mother. . . . Whenever Stanislaw wanted clothes he went to her mother and either the latter or her father went with him to buy them." The natural inference from this evidence seems to us to be that the whole contribution was for the benefit of the father, upon whom as head of the family rested the entire legal obligation to support his wife and children, and who as father was entitled as matter of law to all the wages of the deceased, his minor son. If he chose to have the wages of his minor son as well as of himself turned over to the wife as his agent in managing the finances of the family, that did not diminish his right to the wages of his minor son or his obligation to support his family, or his ultimate dependence upon those wages in performing his obligation as the head of the family to support its members. That obligation rested wholly upon him. He had not undertaken to shift the burden upon his wife in any degree. He had not abandoned his obligation in this regard, but was discharging his full duty. The real benefit arising from the earnings of the son was his. The entire award should be made to the father. *Pagnoni's Case*, 230 Mass. 9. The decree in the opinion of a majority of the court is to be modified accordingly, and as thus modified is affirmed.

*So ordered.*