ROBERT A. CAMMICK'S (dependent's) CASE.

Suffolk.    January 18, 1927. — April 6, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Workmen's Compensation Act,* Dependency.

The mother of a minor, who had been divorced from her husband by a decree giving her custody of the minor, upon the minor's receiving injuries resulting in his death and arising out of and in the course of his employment by a subscriber under the workmen's compensation act, may be found to have been partially dependent upon the minor to the extent of all but $1.50 of his earnings during the previous year, where it appears that the mother was employed and received a weekly salary, that during the year previous to his death the minor had paid all his earnings excepting $1.50 to his mother, and that the mother had testified, "The money always went into a common, general fund and there were no separate accounts kept. The money from the common fund was used for our support."

CERTIFICATION under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to the mother of Robert A.

Cammick, whose death was caused by injuries received by him while employed by the Downes Lumber Company.

In the Superior Court, the case was heard by *Hammond, J.* Material facts are stated in the opinion. By order of the judge, a decree containing the findings stated in the opinion and awarding compensation was entered. The insurer appealed.

*G. Gleason,* for the insurer.

*D. T. Cope,* for the claimant.

BRALEY, J. The deceased employee Robert A. Cammick, while in the employment of the Downes Lumber Company, a subscriber, on December 3, 1925, was buried under a pile of lumber which fell upon him causing his death by suffocation. He was the son of Thomas J. Cammick and Anna F. Cammick and was seventeen years and eight months old at the time of his death. It was admitted by the insurer that Anna F. Cammick, the claimant, procured a divorce from her husband May 13, 1920, and was given the custody of Robert. While the decree of divorce directed the libellee to pay a weekly sum of $5 for the support of the son, the payments were not made as decreed, but were irregular in time and amount, and when Robert went to work the arrears amounted to over $200. The employee lived with his mother, who is a stenographer earning $30 a week, and the insurer, who concedes that the death of the employee arose out of and in the course of his employment, contends, that there was no evidence warranting a finding of partial dependency of the claimant on her son's earnings. The board member, whose findings were affirmed on review, found that such dependency was proved, and, compensation having been awarded, the question for decision on the insurer's appeal is whether the finding was warranted by the evidence. G. L. c. 152, § 31, as amended by St. 1922, c. 402. *Hassan's Case,* 240 Mass. 355.

The claimant was the only witness and her evidence showed, that, when Robert began to earn wages, he gave all that he received to his mother with the exception of $1.50, which sum on one occasion he retained for his own use. The combined earnings of the son and his mother constituted

the only fund for their support, which included housing, food, clothing and incidental expenses. It is true that the record states that the claimant testified, "I did not rely on his earnings for my keep." But she also said, in connection with that statement, "The money always went into a common, general fund and there were no separate accounts kept. . . . The money from this common fund was used for our support." The claimant was entitled to the wages of her minor son. *Tornross* v. *Auto Car Co.* 220 Mass. 336, 341. And the statute makes no reference to expenses incurred by the parent on the child's account as they are not to be deducted when the employee contributes to the dependent all his wages. *Gove's Case*, 223 Mass. 187. *Dembinski's Case*, 231 Mass. 261. The common fund was used indiscriminately for the support of the whole family, and the argument of the insurer that the claimant expended for the employee's support more than he earned and turned over to her is not of controlling importance. *Murphy's Case*, 218 Mass. 278. The necessity for his aid was thereby increased, rather than diminished, and the finding, that the claimant was partially dependent upon the employee to the extent of a contribution of $894.57 out of his total earnings during the year prior to his death of $896.07 was justified. *McMahon's Case*, 229 Mass. 48.

*Decree affirmed.*