### GERTRUDE M. STIRTON'S (dependent's) CASE.

Hampden.     January 2, 1929. — January 2, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Workmen's Compensation Act*, Dependency.

In proceedings under the workmen's compensation act, a finding, that the father of an adult employee who lost his life through an injury arising out of and in the course of his employment was partially dependent upon the employee, was warranted on evidence that the employee lived with his father and mother in a house owned by himself for which they paid him rent; and that he contributed to the support of the household by giving his mother money each week and from time to time giving her clothing and other things.

CERTIFICATION under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board affirming and adopting the findings and decision of a single member that Gertrude M. Stirton lost her life through an injury arising out of and in the course of her employment by Frank L. Dunlap; that the employee's father, William Stirton, was partially dependent upon her for support; and awarding compensation to the father.

In the Superior Court, a decree was entered by order of *Burns*, J., in accordance with the decision by the Industrial Accident Board. The insurer appealed. Material facts are stated in the opinion.

The case was submitted on briefs.

*H. S. Mitchell*, for the insurer.

*H. A. Moran*, for the claimant.

RUGG, C.J.    The insurer concedes that the finding that the injury arose out of and in the course of the employment must stand because there was no evidence to rebut the presumption that the deceased did not commit suicide. *Bohaker* v. *Travelers Ins. Co.* 215 Mass. 32, 36.    *Silva* v. *Fidelity & Casualty Co.* 252 Mass. 328, 330, and cases cited.

The question, whether the father was partially dependent upon the deceased employee, was a fact upon this record supported by some evidence, and hence must stand.    *Pass's Case*, 232 Mass. 515.    The employee lived in a house owned by herself rented to her father and mother, with whom she lived and who paid her rent therefor.    She was found to have contributed weekly toward the support of the household $15.    There was evidence tending to show that she gave her mother $10 in money each week and in addition from time to time clothing and other things averaging from $2 to $5 weekly, perhaps more than that.    The deceased was an adult and apparently earned considerably more than enough to support her.    The finding was warranted.    *Gove's Case*, 223 Mass. 187.    *McMahon's Case*, 229 Mass. 48.    *Cammick's Case*, 259 Mass. 209.    No question is raised as to the amount of compensation awarded.

*Decree affirmed.*