FRANK CORREIA's (dependent's) CASE.

Suffolk.     April 7, 1931. — April 13, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act*, Dependency.     *Parent and Child.*

Upon the hearing of a claim under the workmen's compensation act by a mother for compensation by reason of the death of her minor son from injuries arising out of and in the course of his employment by a subscriber, there was evidence that the claimant was a widow; that the employee and two other sons lived with her; that the employee paid her all his wages when he worked and she used what he paid her for the household expenses; that the other boys also turned their money over to her when they worked; that she bought clothing and food, and gave them spending money; that she usually gave the employee back $1 a week and occasionally $2, which he used for entertainment; that she bought and paid for, or made, his clothing and gave him money to buy shoes. It did not appear that the employee had been emancipated. The Industrial Accident Board found that the claimant was "100% partially dependent" for support upon the earnings of the employee and awarded compensation accordingly. *Held*, that

(1) The claimant as the only living parent of the employee, an unemancipated minor, had a right to all his earnings, and earnings turned over to her by him in accordance with this right would be

"contributed by the employee" to her within the meaning of the act;

(2) As the claimant had the corresponding duty to furnish reasonable support to the employee, amounts expended by her for such support were expended for her own purposes and were not required to be deducted in the determination of the amount of his contributions to her;

(3) It cannot be ruled as matter of law that an allowance to a minor child for "spending money" which is reasonable in the circumstances of the case is not an expenditure for the parent's purposes;

(4) The allowance made by the claimant to the employee was not so large that it was as a matter of law improper for the board to find that it was an expenditure for the mother's purposes;

(5) The finding by the board was warranted.

CERTIFICATION under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board allowing a claim by a mother for compensation due to death of her minor son resulting from injuries arising out of and in the course of his employment.

Evidence before and findings by the Industrial Accident Board are described in the opinion. In the Superior Court, by order of *McLaughlin*, J., a final decree in accordance with the board's decision was entered. The insurer appealed.

The case was submitted on briefs.

*G. F. Garrity*, (*H. B. White* with him,) for the insurer.

*V. J. Grace*, for the claimant.

FIELD, J. This is an appeal by the insurer from a decree of the Superior Court in a proceeding under the workmen's compensation act, G. L. c. 152, whereby it was adjudged that the employee "received a personal injury . . . arising out of and in the course of his employment," which caused his death, and it was ordered that compensation be paid to his mother, the claimant. This decree was rendered in accordance with a finding of the Industrial Accident Board that the claimant was "100% partially dependent" for support upon the earnings of the employee, a minor, who "turned over to his mother . . . all of his earnings at the time of his injury and prior thereto." The insurer does not contend that the claimant was not partially dependent upon the employee. Its sole contention is that the employee did not contribute all his earnings to his

mother and, consequently, that she was not "100% partially dependent" upon his earnings for support, and compensation determined upon this basis was excessive. See for the statutory method of computation G. L. c. 152, as amended in § 31 by St. 1927, c. 309, § 6.

The claimant testified that her husband was not living, that the employee, who was nineteen years old when injured, lived with her, as did two other sons, and that at the time of the injury the employee "was earning $19.98 a week." She testified that when he "worked he gave her his pay and she used it for the household expenses. The other boys also turned their money in to her when they worked. She bought clothing, food, and she gave them spending money. . . . The deceased turned in his pay envelope to her each week. She gave him back $1 and $2 a week. . . . She usually gave him $1 a week. It would be four or five weeks before she had to give him $2." She bought and paid for, or made, his clothing and gave him money to buy shoes. "He used the spending money she gave him each week for entertainment." It does not appear that the employee had been emancipated.

This testimony warranted a finding that the employee contributed all his earnings to his mother. Nothing in the case requires the conclusion that the transaction between them was not what it purported to be. There is nothing to indicate an attempt on the part of either to evade the provisions of the workmen's compensation act. The claimant as the only living parent of the employee, an unemancipated minor, had a right to all his earnings (*Tornroos* v. *R. H. White Co.* 220 Mass. 336, 341–342) and, as it is not controverted that she was partially dependent upon him, earnings turned over to her by him in accordance with this right would be "contributed by the employee" to her within the meaning of the act. See § 31, as amended. *Murphy's Case*, 218 Mass. 278. *Dembinski's Case*, 231 Mass. 261. *Cammick's Case*, 259 Mass. 209. As the claimant had the corresponding duty to furnish reasonable support to the employee, amounts expended by her for such support were expended for her own purposes and were not re-

quired to be deducted in the determination of the amount of his contributions to her. *Murphy's Case, supra. Dembinski's Case, supra. Cammick's Case, supra. Gove's Case,* 223 Mass. 187, is distinguishable since the employee in that case was not a minor. An allowance by a parent to a minor child for "spending money" used "for entertainment" stands on a somewhat different footing from expenditures which the parent is required by law to make for the support of such a child. The cases, however, do not turn on the fact that the expenditures were necessary, but on the fact that they were made by the parent for his own purposes. It cannot be ruled as matter of law that an allowance to a minor child for "spending money" which is reasonable in the circumstances of the case is not an expenditure for the parent's purposes, though doubtless an allowance so large as to be disproportionate to the parent resources would have a strong tendency to show that the parent was acting "as banker for the child by keeping the wages of the latter for his use" rather than exercising "the common law right of receiving and using as his own the earnings of his minor child." See *Dembinski's Case, supra,* at page 263. The allowance made by the claimant to the employee in the case at bar was not so large that the board could not find that it was an expenditure for the mother's purposes. We cannot say that the conclusion was not justified that the claimant received all the earnings of the employee in the exercise of her common law right thereto.

*Decree affirmed.*