ANTHONY CONNORS's (dependent's) CASE.

Suffolk. May 20, 1936. — July 1, 1936.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Workmen's Compensation Act,* Dependency, Amount of compensation. *Evidence,* Presumptions and burden of proof, Judicial notice.

A wife was not bound by the testimony of her husband though she called him as a witness.

Judicial notice properly might be taken that there was little market for real estate in industrial cities in this Commonwealth in December, 1934, and that the future value of such property was problematical.

On evidence that a family subsisted in part on money contributed by children, of whom a deceased son, an employee, was one, the Industrial Accident Board properly could find that the mother had been partially dependent upon the earnings of the deceased son, though she and her husband, who was unemployed, owned some real estate and substantial bank deposits.

In ascertaining the amount payable under G. L. (Ter. Ed.) c. 152, § 31, to one partially dependent upon a deceased employee, the employee's actual contributions to the dependent's support are to be considered regardless of contributions from others and without deduction of the cost to the dependent of the employee's board.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

In the Superior Court, a decree was entered by order of *Weed, J.*, in accordance with the decision of the board. The insurer appealed.

The case was submitted on briefs.

*E. W. Sawyer & J. J. Connors*, for the insurer.

*P. W. Connors, T. J. Lane, & A. J. Ganem*, for the claimant.

QUA, J. The insurer complains that there was no evidence to support the finding of the board that the claimant, who was the mother of the deceased employee, was partly dependent upon his earnings for support at the time of his injury on December 1, 1934. G. L. (Ter. Ed.) c. 152, § 1 (3). This is one of the cases where there is no presumption of dependency and where the question is to be determined "in accordance with the fact as the fact may be at the time of the injury." G. L. (Ter. Ed.) c. 152, § 32.

Taking the view of the evidence most favorable to the claimant, these facts could have been found: The claimant and her husband were both about sixty-eight years of age. The husband had not worked for four years. Three of their sons, of whom the deceased employee was one, and a daughter were living at home with their parents. The earnings of Peter were practically exhausted by the expenses of his education for the bar, and the earnings of James and of the deceased Anthony were supporting the home. They gave the claimant all their pay. She paid the household expenses. The husband owned the cottage in which the family lived and a "three decker," both on Portland Street in Lawrence. There was only one "steady tenant" paying rent at the rate of $4 a week. There was a store in the cottage, but it was making no

profit. The pay of the two boys and the rent were needed to carry on the household and to pay for repairs on the property.

The husband, called by the claimant, testified that at the time of the hearing he had accounts in four banks. He "might have" $8,000 in those four banks. He has had approximately that amount in those banks for ten or twelve years. He testified that it was safe to say that in the year prior to his son's death he was worth something in the vicinity of $12,000 represented by cash in banks and real estate. He also testified that "there is nothing for property today," and that the real estate taxes were "close to $200."

The insurer introduced evidence that the real estate was assessed for $4,700; that the husband had on deposit in banks approximately $4,100 and a claim against a "closed" bank for about $1,860; and that there were also a deposit in the joint names of husband and wife of about $2,900 and a joint claim against a "closed" bank for $2,348. The exact amounts on deposit on December 1, 1934, did not clearly appear.

The claimant was not bound by the testimony of her husband, even though she called him as a witness. *Salem Trust Co.* v. *Deery*, 289 Mass. 431, 435. Nor was the board obliged to believe evidence introduced by the insurer. Dealing with the case on this basis, the claimant had shown that she was in fact being supported by the earnings of her two sons, one of whom was the deceased, although her husband owned the cottage in which they lived and received rent at the meager rate of $4 a week from the "three decker." The board could have taken judicial notice that there was little market for real estate in industrial cities in this Commonwealth in December 1934, and that the future value of the property was problematical. Partial dependency presupposes the existence of some resources other than the contributions of the employee. The fact that the claimant's husband owned this real estate does not, we think, preclude, as matter of law, a finding of partial dependency of the claimant upon the deceased.

If we were to assume that the board believed all the evidence, including the figures as to the bank deposits, a much closer question would be presented. It would then appear that the claimant's half interest in available bank deposits amounted to about $1,450, and that her husband had available about $5,500 more, including his half of the available joint account. Even on this basis we should hesitate to say that a finding of partial dependency would be wholly without support. The wife's own property was but little greater than that of the dependent in *Kenney's Case*, 222 Mass. 401. It was still true that the wages of the sons constituted the only substantial net income of the family and that the claimant depended upon them. If the available bank deposits of both husband and wife were used for their support, it might be found that these sums would be exhausted in a comparatively short time, leaving this elderly couple practically helpless. Little weight need be given to the claims against "closed" banks, especially as fifty per cent of the original deposits had already been paid before December 1, 1934. Partial dependency does not require absolute poverty on the part of the dependent, although it does imply some degree of need. *Ferriter's Case*, 269 Mass. 267, 270. *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93, 100. *Buckley's Case*, 218 Mass. 354. *Kenney's Case*, 222 Mass. 401. *McMahon's Case*, 229 Mass. 48, 50. *Freeman's Case*, 233 Mass. 287, 290. Compare *Doherty's Case*, 277 Mass. 339.

Once the relation of partial dependency is established, "the amount contributed" as those words are used in G. L. (Ter. Ed.) c. 152, § 31, refers to the actual payments made by the deceased to the partial dependents without regard to the degree of dependency upon the deceased as distinguished from other contributors (compare § 32); and the board was also right in making no deduction for the cost of board of the deceased himself. *Murphy's Case*, 218 Mass. 278. *Gove's Case*, 223 Mass. 187. *Cammick's Case*, 259 Mass. 209. *Correia's Case*, 275 Mass. 340.

*Decree affirmed.*