JOSEPH CANAVAN'S (dependent's) CASE.

Suffolk.    April 8, 1954. — June 4, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Workmen's Compensation Act,* Dependency compensation.

In a workmen's compensation case arising out of the death of an employee whose wife had predeceased him and who was survived by a child under the age of eighteen years, dependency compensation payable to the child under G. L. (Ter. Ed.) c. 152, § 31, as amended by St. 1950, c. 357, until he attained that age then wholly terminated where he was not physically or mentally incapacitated from earning.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Forte, J.*

*Frederick B. Hobart, (Walter F. Levis* with him,) for the self insurer.

*Frederick T. Doyle, Jr.,* for the claimant.

SPALDING, J. On May 29, 1951, the employee, Joseph Canavan, received an injury arising out of and in the course of his employment from which, on the same day, he died. His wife had predeceased him and his sole survivor was a son John, the claimant here, who was then sixteen years old. In a prior proceeding dependency compensation at the rate of $25 a week was awarded the claimant by the board under G. L. (Ter. Ed.) c. 152, § 31, and a decree in accordance with the board's decision was entered in the Superior Court. The decree provided that the payments were to continue "subject to the provisions of G. L. c. 152." The self insurer made payments in accordance with this decree until February 15, 1953, the date when the claimant attained the age of eighteen, at which time payments were discontinued. It is agreed that at no time since payments were discontinued has the claimant been physically or mentally incapacitated from earning. The prior decision that the employee's death resulted from an injury arising out of and in the course of his employment, and the right of the claimant to receive the weekly payments of $25 until he attained the age of eighteen are not here involved. The sole question in the present proceeding is whether the claimant is entitled to compensation after he reached the age of eighteen. On the foregoing facts, which were not in dispute, the board ruled that he was not entitled to further compensation, and in the Superior Court the judge ruled that he was entitled to $20 a week from February 15, 1953, "and continuing subject to the provisions of the act." From a decree entered in accordance with that ruling the self insurer appealed.

Under G. L. (Ter. Ed.) c. 152, § 31, as amended by St.

1950, c. 357, if death results from the injury the compensation which the insurer is required to pay to dependents, so far as here material, is as follows: "To the widow . . . so long as she . . . remains unmarried, twenty dollars a week if and so long as there is no child of the employee, who is under the age of eighteen, or over said age and physically or mentally incapacitated from earning; to or for the use of the widow . . . and for the benefit of all children of the employee, twenty-five dollars a week if and so long as there is one such child, and five dollars more a week for each such additional child . . . . If the widow . . . dies, such amount or amounts as would have been payable to or for her . . . own use and for the benefit of all children of the employee shall be paid in equal shares to all the surviving children of the employee. . . . If there is no surviving wife . . . of the deceased employee, such amount or amounts as would have been payable under this section to or for the use of a widow . . . and for the benefit of all such children of the employee, shall be paid in equal shares to all such surviving children of the employee, but no individual shall receive an amount in excess of twenty-five dollars a week. The total amount of payments and the period of payments in all cases under this section shall not be more than ten thousand dollars nor continue for more than four hundred weeks, except that payment to or for the benefit of children of the deceased employee under the age of eighteen shall not be discontinued prior to the age of eighteen, and except that after a . . . physically or mentally incapacitated child over the age of eighteen has received the maximum payments, he or she shall continue to receive further payments, but only during such periods as he or she is in fact not fully self-supporting."

It is the position of the claimant that although the $5 weekly dependency compensation which the statute provides for his benefit may properly be discontinued upon his reaching the age of eighteen, he is, nevertheless, entitled to a continuance of that which would have been his mother's share (or $20 a week as the decree provides) if she

had survived the employee, such share to continue until the maximum payments fixed by the statute have been made.

It seems to be agreed — and we think it is not open to doubt — that a child in order to be eligible to receive his parent's share, by reason of her death either before or after the death of the employee, must be under the age of eighteen at the time the first payment of that share would be due him. There is, it is true, no specific provision in § 31 for cutting that child off from his parent's share, once he is eligible to receive it, prior to the expiration of the time the parent would have been entitled to receive the benefit. But a reading of the section as a whole points irresistibly to the conclusion that compensation in a case like the present is at an end when the child reaches eighteen. The benefits payable to children under § 31 are on the theory that such children on the death of the employee are likely to suffer hardship. But the wealth or poverty of the child is not determinative of the right to compensation. *Cronin's Case,* 234 Mass. 5, 6. Thus under § 32 children under the age of eighteen are conclusively presumed to be dependent "upon the parent with whom they are living at the time of the death of such parent, there being no surviving dependent parent," and payments of $5 a week for the benefit of each such child are required. If there is no surviving parent or if the surviving parent dies before the expiration of the 400 weeks in which he or she would be entitled to receive payments, that parent no longer has rights to such payments. The child cannot, therefore, inherit the parent's right to payments. The child is eligible to receive his parent's share because he is under eighteen, not because with respect to that $20 he has taken over any rights his parent had. It is the child's presumed condition of dependency, not the now nonexistent right of the parent to 400 weeks' payment, which permits the additional compensation. It would appear then that if, as is conceded, the $5 payment ends at eighteen, when the child ceases to be a dependent, the payment of the $20 also ends, because the

basis for both payments is the dependency of the child. The act makes it plain that a child is considered to be dependent only if he is under the age of eighteen or over that age and physically or mentally incapacitated from earning. Since the claimant does not come within the latter classification and is over eighteen, he is no longer a dependent and hence not entitled to compensation. We are of opinion that the judge erred in ordering payments to continue after February 15, 1953.

A contrary interpretation would lead to inequalities between children which could hardly have been intended. For example, a child nineteen at the time of an employee's death receives nothing. But there may be a child aged seventeen who would be entitled to have a payment of $5 made on his behalf. And should his surviving parent die before he is eighteen or should he have no surviving parent, he would also be entitled to $20 a week. If this latter source of compensation were not cut off at the same time as the $5 payment is cut off, namely, at the age of eighteen, then we would have the inequitable situation of the child who by the accident of birth was eligible to receive his parent's share continuing to receive $20 a week for approximately seven years while the older brother received nothing. It would take clear language to convince us that such a result was intended.

What is here decided is not in conflict with *Cronin's Case*, 234 Mass. 5, on which the claimant relies. In that case an agreement was entered into between the insurer and the guardian of the dependent child to pay compensation for the child's benefit for a period of 400 weeks, and it was held that the child's right to compensation in accordance with the agreement did not cease upon his attaining the age of eighteen. There is, to be sure, language in that case which at first glance seems at variance with the conclusion reached here, but a careful reading of it reveals that it is not. The statute under consideration there was materially different from § 31 in its present form, and what was there said is not controlling here.

The decree of the Superior Court is reversed and a new decree is to be entered in accordance with the decision of the board.

*So ordered.*