ROBERT COGGIN *vs.* MASSACHUSETTS PAROLE BOARD.

No. 96-P-1219.

Suffolk. February 6, 1997. - May 7, 1997.

Present: WARNER, C.J., JACOBS, & LAURENCE, JJ.

*Workers' Compensation Act,* Impartial physician, Incapacity, Judicial review, Prima facie evidence. *Administrative Law,* Agency's interpretation of statute.

In a medical hearing before an administrative judge of the Department of Industrial Accidents, the judge properly authorized the submission of additional medical testimony under G. L. c. 152, § 11A (2), where he concluded that the report of the impartial medical examiner was inadequate [586-589], and properly concluded on the record presented that the employee was permanently and totally disabled [589-590].

A decision of the reviewing board of the Department of Industrial Accidents, based on the administrative judge's report, awarding the employee permanent and total incapacity benefits, was not arbitrary or capricious, based on an error of law, or otherwise not in accordance with law. [590]

APPEAL from a decision of the Industrial Accident Reviewing Board.

The case was heard in the Appeals Court by *Ireland,* J.

*Arthur Jackson,* Assistant Attorney General, for the employer.

*Juliane Soprano* for the employee.

WARNER, C.J. The Massachusetts Parole Board (employer), appeals from a decision of a single justice of this court affirming an award of permanent and total incapacity benefits under G. L. c. 152, § 34, to Robert Coggin. See G. L. c. 152, § 12(2).[1]

---

[1]General Laws c. 152, § 12(2), provides that appeals from decisions of the Department of Industrial Accidents reviewing board shall be filed with the Appeals Court. Initially, workers' compensation cases filed in this court are decided by a single justice. See Standing Order of the Appeals Court

Coggin had worked for the parole board since September, 1966, first as a parole officer and later as a supervisor of nine officers and 1,000 parolees. He suffered a heart attack on May 12, 1986, and was temporarily out of work. On September 4, 1987, shortly after returning to work, Coggin suffered another episode of chest pain. He has not worked since that date.

Coggin received temporary total incapacity benefits under G. L. c. 152, § 34, for the statutory maximum of 260 weeks and subsequently filed a claim for permanent and total benefits under G. L. c. 152, § 34A. Following a conference before an administrative judge of the Department of Industrial Accidents (DIA), Coggin was awarded permanent and total incapacity benefits. See G. L. c. 152, § 10A.[2] The employer appealed the award, and a de novo hearing was held pursuant to § 11 of c. 152.[3] The administrative judge subsequently issued a hearing decision, affirming his earlier award. The employer appealed to the reviewing board of the DIA, which summarily affirmed the decision of the administrative judge. A single justice of this court entered a judgment affirming the decision of the board. We affirm.

Prior to his medical hearing, Coggin was examined by an impartial medical examiner (IME) pursuant to G. L. c. 152, § 11A(2), which provides for the appointment of an impartial physician when a workers' compensation claim involves a dispute over medical issues. Pursuant to the statute, the physician examines the employee and submits a report on the extent and permanence of his incapacity. *Scheffler's Case*, 419 Mass. 251, 257 (1994). Here, the IME concluded, in part, that Coggin was not permanently and totally disabled from employment. Coggin filed a motion to submit additional medical testimony pursuant to § 11A(2), arguing that the report

Governing Appeals from the Industrial Accident Reviewing Board, as amended (1996). See also Appeals Court Rule 2:04 (1990).

[2]For a summary of the four stages in the review process of the DIA, see *Murphy* v. *Commissioner of the Dept. of Industrial Acc.*, 415 Mass. 218, 223-225 & n.13 (1993).

[3]The hearing was held on March 3, 1993. At that time, testimony was taken, and the matter was continued to allow time for the filing of a medical report prepared by an independent medical examiner appointed pursuant to G. L. c. 152, § 11A(2). On June 10, 1993, the hearing was reconvened and the report admitted into the record. The parties also presented oral arguments regarding the adequacy of the report.

was "inadequate" because the IME had also expressed the opinion that his heart condition was not work related, an issue that was not contested by the employer. Coggin maintained that the IME's obvious misunderstanding of the proper scope of his examination and subsequent conclusion that Coggin's heart condition was not work related, were indicative of the over-all inadequacy of the report, and that the admission of additional medical evidence was therefore warranted under the statute. G. L. c. 152, § 11A(2).[4]

The administrative judge granted Coggin's motion, and Charles Haffajee, Coggin's treating physician was deposed. Doctor Haffajee testified that Coggin was, indeed, "disabled for practical purposes for the rest of his functional life." The administrative judge subsequently issued a hearing decision, "adopting the persuasive opinions of [Dr. Haffajee] relative to impairment and causal relationship" and awarding Coggin total and permanent incapacity benefits.

The employer first argues that the administrative judge improperly admitted the testimony of Dr. Haffajee pursuant to G. L. c. 152, § 11A, because the report of the impartial physician was adequate, and the medical issues under consideration were not complex.[5] We begin by noting that "[t]he interpretation of a statute by the agency charged with

---

[4]In addition to providing for the appointment of an IME, § 11A(2), as appearing in St. 1991, c. 398, § 30, reads, in relevant part:

"[The] impartial physician's report shall constitute prima facie evidence of the matters contained therein . . . [and] shall be admitted into evidence at the hearing. Either party shall have the right to engage the impartial medical examiner to be deposed for purposes of cross examination. Notwithstanding any general or special law to the contrary, no additional medical reports or depositions shall be allowed by right to any party; provided, however, that the administrative judge may, on his own initiative or upon a motion by a party, authorize the submission of additional medical testimony when such judge finds that said testimony is required due to the complexity of the medical issues involved or the inadequacy of the report submitted by the impartial medical examiner."

[5]The administrative judge also permitted the admission of additional medical evidence regarding the effect of Coggin's psychological problems on his underlying heart condition, an issue not addressed by the IME. The evidence included a report submitted by a psychiatrist who examined Coggin on behalf of the employer, and the deposition testimony of Coggin's

primary responsibility for administering it is entitled to substantial deference." *Gateley's Case*, 415 Mass. 397, 399 (1993). The party appealing an administrative decision bears the burden of demonstrating the decision's invalidity. *Merisme* v. *Board of Appeals on Motor Vehicle Liab. Policies & Bonds*, 27 Mass. App. Ct. 470, 474 (1989). Under G. L. c. 152, § 12(2), a decision of the DIA reviewing board is scrutinized in accordance with the standards expressed in G. L. c. 30A, § 14(7)(*a*)-(*d*), (*f*), and (*g*).[6] *Scheffler's Case*, 419 Mass. at 258. Moreover, where, as here, the reviewing board summarily affirms and adopts without change the findings and decision of an administrative judge, a reviewing court "must look to that decision to determine whether the action of the board [was] correct." *Nowak's Case*, 2 Mass. App. Ct. 498, 499 (1974). See *Haley's Case*, 356 Mass. 678, 679-680 (1970); *McElroy's Case*, 397 Mass. 743, 745 (1986).

We review the single justice's order "in the same manner as if the single justice were a lower court." Appeals Court Rule 2:04 (1990). Because this court is conducting "an analysis of the same agency record . . . there is no reason why the view of the [single justice] should be given any special weight." *Southern Worcester County Regional Vocational Sch.*

---

treating psychologist. The employer did not challenge the admission of this evidence before the DIA and does not do so here.

[6] A reviewing court may set aside or modify a decision of the reviewing board only if it is:

"(*a*) In violation of constitutional provisions; or

"(*b*) In excess of the statutory authority or jurisdiction of the agency; or

"(*c*) Based upon an error of law; or

"(*d*) Made upon unlawful procedure; or . . .

"(*f*) Unwarranted by facts found by the court on the record as submitted or as amplified . . . in those instances where the court is constitutionally required to make independent findings of fact; or

"(*g*) Arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law."

G. L. c. 30A, § 14(7), as appearing in St. 1973, c. 1114, § 3. "Statute 1991, c. 398, § 32A, eliminated from appellate scrutiny whether a decision of the [DIA reviewing] board is '[u]nsupported by substantial evidence,' the factor set forth in G.L. c. 30A, § 12(7)(*e*)." *Scheffler's Case*, 419 Mass. at 258 n.4.

*Dist.* v. *Labor Relations Commn.*, 377 Mass. 897, 903 (1979). The question we must consider, therefore, is whether the administrative judge abused his discretion, committed an error of law or "otherwise [failed]. the test [set out in] G. L. c. 152, § 12(2)," in admitting the deposition of Coggin's treating physician pursuant to G. L. c. 152, § 11A. *Scheffler's Case, supra* at 261.

In addition to requiring that an IME be appointed in certain workers' compensation cases, G. L. c. 152, § 11A, also provides that the administrative judge may "authorize the submission of additional medical testimony when such judge finds that said testimony is required due to the complexity of the medical issues involved or the inadequacy of the report submitted by the impartial examiner." G. L. c. 152, § 11A(2), as appearing in St. 1991, c. 398, § 30. Here, the administrative judge concluded that additional medical evidence was warranted due to the inadequacy of the IME's report. Specifically, the administrative judge concluded that "[g]iven the complexity of the issues involved and the standards applied, the subject report for purposes of section 11A of the Act is found inadequate."

While the reasons underlying the administrative judge's finding of inadequacy may not be entirely clear from reading the endorsement, our review of the record leads us to conclude that there was no abuse of discretion.[7] The single justice adequately dealt with the employer's arguments to the contrary and there is no reason for us to repeat his analysis here. We note briefly, however, that we agree with the single justice's conclusion that the administrative judge properly determined that the IME's report was inadequate due to the possibility that it was tainted by his misunderstanding of the

[7]The administrative judge did not issue subsidiary findings to support his conclusion, instead ruling by way of a handwritten endorsement at the bottom of the employee's motion. It would have been preferable for the judge to articulate the basis for his conclusion. Indeed, the Supreme Judicial Court "ha[s] previously indicated that the board should make such specific and detailed subsidiary findings as will enable the reviewing court to determine with reasonable certainty whether correct rules of law have been applied. . . . [T]his principle, [however, is not] intended to . . . regulate the precise form of the board's decision." *McElroy's Case,* 397 Mass. at 746, citing *Messersmith's Case,* 340 Mass. 117, 120 (1959). In this case, the record provides an adequate basis for us to determine whether the administrative judge abused his discretion in admitting additional medical evidence pursuant to the statute.

proper scope and purpose of his examination. See *Scheffler's Case*, 419 Mass. at 259 (IME's opinion not afforded status of prima facie evidence where it was based on inaccurate assumptions). We add that the importance of affording a workers' compensation claimant the opportunity fairly to present the medical issues he considers favorable to his claim, see *O'Brien's Case*, 424 Mass. 16, 22 (1996), further supports our concluson that the administrative judge acted properly in admitting the deposition testimony of Dr. Haffajee. "[I]f the judge performs [his] function correctly [under § 11A(2)] the parties will be granted the [opportunity to present additional medical testimony] where this . . . testimony would serve some legitimate function." *Ibid*.

The employer next argues that the administrative judge erroneously accepted Dr. Haffajee's conclusion that Coggin was permanently and totally disabled, completely ignoring the IME's opinion. We disagree.

General Laws c. 152, § 11A, provides that the impartial physician's report "shall constitute prima facie evidence of the matters contained therein." "Prima facie evidence, in the absence of contradictory evidence, requires a finding that the evidence is true." *Anderson's Case*, 373 Mass. 813, 817 (1977). See *Thomes* v. *Meyer Store, Inc.*, 268 Mass. 587, 588 (1929). Nothing in § 11A, however, requires the administrative judge to adopt the conclusions of the report or precludes him from considering additional medical evidence once it becomes part of the record. Indeed, "prima facie evidence may be met and overcome by evidence sufficient to warrant a contrary conclusion." *Anderson's Case*, *supra* at 817. Once properly admitted, the probative value of medical testimony is to be weighed by the fact finder, in this case, the administrative judge. *Robinson* v. *Contributory Retirement Appeal Bd.*, 20 Mass. App. Ct. 634, 639 (1985). *Barbieri* v. *Johnson Equip.*, 8 Mass. Workers' Comp. Rep. 90, 93 (1994). Thus, it is "within the province of the [administrative judge] to accept the medical testimony of one expert and to discount that of another." *Fitzgibbons's Case*, 374 Mass. 633, 636 (1978).

The record in this case included not only the IME report and the deposition testimony of Dr. Haffajee, but the deposition of Coggin's own psychologist, a report submitted by a psychiatrist who examined Coggin on behalf of the employer, and Coggin's own testimony regarding the limitations on his

daily activities. Moreover, the administrative judge also considered Coggin's age (he was 60 at the time of the de novo hearing before the administrative judge), educational background, and prior employment history in reaching his decision. There was no abuse of discretion. Moreover, the reviewing board's decision, which was based on the administrative judge's report, was not arbitrary or capricious, based on an error of law, or otherwise not in accordance with law. See G. L. c. 30A, § 14. Accordingly, the judgment is affirmed.

*So ordered.*