McDonald, J.
Plaintiff Winona D. Goldthwaite (“Goldthwaite”) filed this action against the Department of Public Health (“DPH"), seeking review of DPH’s assessment of a per diem rate for state-subsidized medical services. Goldthwaite has moved for judgment on the pleadings; DPH has opposed the motion, contending that judgment should instead be entered in its favor.
For the following reasons, judgment shall enter in favor of Goldthwaite.
BACKGROUND
The following facts are undisputed.
Goldthwaite is married to Dr. Charles J. Goldthwaite (“Dr. Goldthwaite"), who suffered a severe brain injury in August of 1966. In February of 1970, Dr. Goldthwaite was admitted to Tewksbury Hospital (“Hospital”), where he has remained as a resident patient since that time.
In June of 1993, the Hospital conducted a reevaluation of the per diem assessment of medical services provided to Dr. Goldthwaite. Prior to conducting the assessment, the Hospital requested that Goldthwaite provide them with financial information, which she provided to the Hospital on March 9, 1994.
After reviewing the information provided by Goldthwaite, the Hospital assessed a daily rate of $119.71. In calculating the per diem rate, the Hospital included the value of assets held in the Goldthwaite Family Irrevocable Trust. The trust was created in 1992 by Goldthwaite. Goldthwaite is a beneficiary of the trust, but has no authority to reach the principal of the trust.[2]
Goldthwaite appealed the assessment to the DPH, which affirmed the per diem assessment of $119.71.
DISCUSSION
Goldthwaite filed this action pursuant to the State Administrative Procedure Act, G.L.c. 30A. The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Coggin v. Massachusetts Parole Bd., 42 Mass.App.Ct. 584, 587 (1997); Merisme v. Board of Appeals on Motor Vehicle Liab. Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989). In reviewing the agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionaiy authority conferred upon it by statute. Iodice v. Architectural Access Bd., 424 Mass. 370, 375-76 (1997) (citing G.L.c. 30A, §14(7)); Arnone v. Comm’r of the Dept. of Social Services, 43 Mass.App.Ct. 33, 34 (1997). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester-County Regional Vocational Sch. Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982) (citing Old Towne Liquor Store, Inc. v. Alcoholic Beverages Comm’n, 372 Mass. 152, 154 (1977)). A court may not overrule an administrative agency’s choice between two conflicting views, even though the court may have made a different choice had the matter come before it de novo. See Seagram Distillers Co. v. Alcoholic Beverages Comm’n, 401 Mass. 713, 721 (1988).
In calculating Goldthwaite’s liquid assets, the DPH included the assets that were transferred to the irrevocable trust in 1992. Goldthwaite contends that DPH’s inclusion of the trust as part of her assets is contrary to its published regulations.[3] Goldthwaite argues that because she no longer has legal title to the trust assets, and because she has no access to the trust res, the trust assets do not belong to her and cannot be considered for purposes of determining her assets.
DPH argues, contrarily, that public policy considerations mandate that assets held in such a trust be considered when determining a per diem rate. In support of its position, DPH relies primarily upon the recent decision in Cohen v. Comm’r of the Division of Medical Assistance, 423 Mass. 399 (1996).
Cohen contained an extensive discussion of the legislative history of the Medicaid Qualifying Trust statute, 42 U.S.C. §1396a(k). In making its decision to allow such trust assets to be considered for purposes of Medicaid qualification, the court relied heavily on Legislature’s expressed purpose in enacting the statute. In the instant case, however, the DPH can point to no similar authoriiy, discussion or regulation which supports its decision to consider the trust res as part of Goldthwaite’s “liquid assets.”
*672 “Ordinarily an agency’s interpretation of its own rule is entitled to great weight . . . [h]owever, this principle is one of deference, not abdication, and courts will not hesitate to overrule agency interpretations of rules when those interpretations are arbitrary, unreasonable, or inconsistent with the plain terms of the rule itself.” Finkelstein v. Board of Registration in Optometry, 370 Mass. 476, 478 (1976) (citations omitted). DPH’s calculation of a per diem rate based upon the inclusion of trust assets is contrary to the plain meaning of the terms “liquid assets” and “financially responsible individuals.” Accordingly, this Court must overrule such an arbitrary interpretation. If, as argued by the DPH, there are public policy considerations implicated by not allowing the DPH to consider such trust assets in calculating a per diem assessment, that argument is best addressed to the revision of the agency’s regulations.
ORDER
For the foregoing reasons, it is ORDERED that DPH’s motion for judgment on the pleadings is DENIED. It is further ORDERED that Goldthwaite’s motion for judgment on the pleadings is ALLOWED.

 The trust does, however, contain a clause allowing the Trustee to make discretionary payments to any beneficiary out of the principal of the trust.

 In determining the patient’s “adjusted income” for purposes of calculating the per diem assessment, the agency regulations consider “[t]he combined gross incomes... of the patient and all financially responsible individuals.” 105 CMR 920.003. Financially responsible individuals" is defined by the DPH’s agency regulations as “the spouse of patients and the parents of minor patients.” Id. The adjusted income includes “liquid assets,” defined as “[clash, bank deposits, stocks, bonds or other securities.” Id.