McDonald, J.
Plaintiff Richard Hosking (“Hosking”) filed this action against the Massachusetts Turnpike Authority Employees Retirement Board (“MTAERB”) and the Commonwealth of Massachusetts Contributory Retirement Board (“CRAB”), seeking review of MTAERB’s denial of early retirement benefits. Hosking has moved for judgment on the pleadings; MTAERB and CRAB have both opposed the motion, contending that judgment should instead be entered in their favor.
For the following reasons, judgment shall enter in favor of MTAERB and CRAB.
BACKGROUND
The following facts are undisputed.
Hosking began working as a toll collector for the Massachusetts Turnpike Authority (“MTA”) on May 26, 1968. On July 22, 1993, during the course of his employment, Hosking was hit by a truck as he crossed the toll booth lanes at the interchange in Westborough. Hosking received workers’ compensation benefits from the self-insured MTA as a result of this accident.
On May 18, 1995, the MTA sent a letter to certain employees regarding an early retirement incentive program. The letter stated that its purpose was to “confirm that the authority’s Board has approved an Early Retirement Incentive (“ERI”) for which you are eligible . . .” The letter included several enclosures outlining the eligibility requirements and the program benefits. One of the enclosures indicated that, in order to qualify for the early retirement program, an employee had to be on the active payroll on December 31, 1993.
*653 On July 26, 1995, Hosking submitted to the MTA a Notice of Intent to Retire, indicating his interest in the early retirement program. On April 17, 1996, the MTA notified Hosking that he was not approved for participation in the early retirement program due to the fact that he was not on the “active payroll” on December 31,1993, but was instead receiving workers’ compensation benefits.
Hosking appealed the decision to CRAB, which assigned the case to a Division of Administrative Law Appeals magistrate for a hearing. On March 31, 1997, the magistrate recommended that MTAERB allow Hosking to participate in the early retirement program. The MTAERB submitted to CRAB a written objection to the magistrate’s recommendation.
On September 19, 1997, CRAB adopted the magistrate’s findings of fact but rejected her recommendation; CRAB instead affirmed the Board’s decision to deny Hosking participation in the early retirement program. In its decision, CRAB stated that “a member of a retirement system who is receiving workers’ compensation benefits is not on the ‘active payroll’ of the employer,” and defined “active payroll” as “persons who are actively employed and receiving a payroll check, not persons who are receiving workers’ compensation benefits.”
DISCUSSION
Hosking filed this action pursuant to the State Administrative Procedure Act, G.L.c. 30A, seeking judicial review of CRAB’s decision. The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Coggin v. Massachusetts Parole Bd., 42 Mass.App.Ct. 584, 587 (1997); Merisme v. Board of Appeals on Motor Vehicle Liab. Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989).
In reviewing the agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Iodice v. Architectural Access Bd., 424 Mass. 370, 375-76 (1997) (citing G.L.c. 30A, §14(7)); Arnone v. Comm’ r of the Dept. of Social Services, 43 Mass.App.Ct. 33, 34 (1997). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational Sch. Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982) (citing Old Towne Liquor Store, Inc. v. Alcoholic Beverages Comm’n, 372 Mass. 152, 154 (1977)). A court may not overrule an administrative agency’s choice between two conflicting views, even though the court might justifiably have made a different choice had the matter come before it de novo. Seagram Distillers Co. v. Alcoholic Beverages Comm’n, 401 Mass. 713, 721 (1988).
Hosking has presented several distinct arguments in support of his motion for judgment on the pleadings, which shall be addressed separately here.
A. CRAB Erred in Misinterpreting and Refusing to Apply G.L.c. 32, §14(1)
Hosking argues that CRAB erred in refusing to apply the provisions of G.L.c. 32, §14(1) to his request for early retirement. The statute provides that “(a]ny employee who was a member in service at the time of sustaining an injury ... on account of which he becomes entitled to payments under the provisions of chapter one hundred and fifty-two (the Workers’ Compensation Act] shall, during the period while he is receiving weekly payments . . . retain all the rights of a member in service . . .” Id. Hosking contends that, according to the statute, the fact that he was receiving workers’ compensation benefits on the eligibility date for the early retirement program does not affect his eligibility for the program. CRAB argues, contrarily, that the early retirement program was open only to employees who were actively working on December 31, 1993, and that Hosking was not on the “active payroll” while receiving workers’ compensation benefits.
In a recent case involving workers’ compensation benefits and the construction of §14, the Supreme Judicial Court stated that “(S)ection 14 protects employees who are injured on the job by allowing them to continue accumulating creditable service while receiving workers’ compensation and by instructing the employer to make the contributions to the employee’s annuity fund which would have been deducted from the employee’s salary had he not been injured.” Hayes v. Retirement Board of Newton, 425 Mass. 468, 473-74 (1998). The court held that the provisions of §14(1) did not affect the calculation of a retired employee’s pension benefits, and the employee could not expect the pension calculation to be based upon the salary that he would have been receiving during the period that he actually received workers’ compensation benefits.
Section 14 applies to an employee’s right to continue to participate in the Commonwealth’s retirement system; it does not apply to an incentive program for early retirement, offered to only a small number of state employees. MTAERB’s invitation to apply to an early retirement program was not a right afforded to all members in service, the kind of right protected by §14, but was specifically limited to “eligible” employees. Despite CRAB’s refusal to allow Hosking to participate in the early retirement program, Hosking was never denied any right afforded to all other members in service; his reliance on §14(1) is misplaced.
B. CRAB’s Decision Violates 42 U.S.C. §12101
Hosking contends that CRAB’s decision violates the Americans With Disabilities Act, 42 U.S.C. §12101, because the decision unlawfully discriminates against individuals who sustained work-related injuries. Hosking has failed to provide any evidence, let alone sufficient evidence to overturn CRAB’s decision, that he qualified as a “disabled person” at the time of MTAERB’s action so as to be afforded protection under the Act.
*654 C. MTAERB is Estopped From Denying Benefits
Hosking argues that MTAERB should be estopped from denying him benefits, based on its representations in its letter of May 18, 1995. Hosking claims that he relied upon MTA’s representation that he was eligible for the early retirement program, and in reliance on that representation he settled his workers’ compensation case and retired.
The essential factors giving rise to an estoppel are ... (1.) a representation or conduct amounting to a representation intended to induce a course of conduct on the part of the person to whom the representation is made. (2.) An act or omission resulting from the representation, whether actual or by conduct, by the person to whom the representation is made. (3.) Detriment to such person as a consequence of the act or omission.
Turnpike Motors, Inc. v. Newbury Group, Inc., 413 Mass. 119, 123 (1992), quoting Cleveland v. Malden Savings Bank, 291 Mass. 295, 297-98 (1935). MTAERB claims that although the May 18, 1995 letter stated that Hosking was eligible to participate in the early retirement program, it was not a guarantee of qualification and approval of his application. MTAERB further argues that the enclosures to that letter indicate that, in order to qualify for the program, the employee must have been on the active payroll on December 31, 1993; MTAERB claims, therefore, that Hosking’s reliance on the single statement regarding his eligibility is not reasonable when coupled with the other circumstances.
When attempting to assert an estoppel, a party’s reliance on another’s misrepresentation must be reasonable. Ford v. Rogovin, 289 Mass. 549, 553 (1935). In this case, it was unreasonable for Hosking to seize upon the one sentence that would entitle him to eligibility in the program when the letter was accompanied by additional information indicating to the contrary. Accordingly, Hosking’s estoppel argument cannot be sustained.
D. CRAB’s Decision Violates Equal Protection Provisions of State and Federal Constitutions
Hosking finally argues that CRAB’s decision mandates disparate treatment of injured employees, and that the decision therefore violates the equal protection provisions of the state and federal constitution. Hosking claims that MTAERB’s eligibility criteria essentially created two categories of employees, handicapped and nonhandicapped.
This argument is meritless. MTAERB’s criteria did in fact create two classes of members in service: those who were eligible for the retirement program and those who were not. A classification such as this, which is not based on a suspect class and concerns only economics or social welfare, need only have a rational basis in order to survive a constitutional challenge. Keough v. Director of Division of Employment Security, 370 Mass. 1, 5 (1976). The MTAERB’s interest in reducing the number of senior employees of the Authority, in order to lower agency expenditures, certainly survives the rational basis inquiry.
For all the foregoing reasons, CRAB’s decision must be affirmed.
ORDER
It is therefore ORDERED that Hosking’s motion for judgment on the pleadings is DENIED. It is further ORDERED that judgment shall enter in favor of MTAERB and CRAB.