Velis, J.
Pursuant to G.L.c. 30A, §14, plaintiff Victoria Demurjian (“Demurjian”) filed this appeal of the Division of Medical Assistance’s (“DMA”) denial of her application for MassHealth benefits. Mrs. Demurj-ian has filed a motion for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c) and Superior Court Standing Order 1-96. The DMA has opposed the motion and requests judgment instead be entered in its favor.
For the reasons set forth below, the DMA’s denial of benefits is reversed and remanded for rehearing.
BACKGROUND
The record of the proceedings before the DMA’s Fair Hearing Unit reveals the following.
On August 1, 1997, Mrs. Demurjian’s daughter and son-in-law executed an agreement stating that, in exchange for $100,000, Mr. and Mrs. Demurjian would be entitled to live with them for the rest of their lives. That agreement also called for Mr. and Mrs. Demurjian to pay $200.00 per month in rent and to contribute toward the payment of the electric and heating bills.
In August of 1997, the Demurjians withdrew $11,000 from their American Express brokerage account and withdrew an additional $89,000 in September of 1997 from the same account. They gave that money to their daughter and son-in-law to assist them with the purchase of a new home and to make that home handicapped-accessible. Mr. and Mrs. Demurj-ian moved into the home with their daughter and son-in-law.
On April 30, 1998, Mrs. Demurjian entered a nursing home. On May 12, 1998 and on July 9, 1998, Ms. Dermurjian applied for MassHealth benefits, but was denied. The hearing officer found that the $100,000 that Mr. and Mrs. Demurjian gave to their daughter and son-in-law for the purchase of a home was a “disqualifying transfer” for purposes of MassHealth eligibility. The hearing officer calculated the period of eligibility to extend to May 28, 1999.
DISCUSSION
Mrs. Demurjian has filed this appeal of the DMA’s decision pursuant to G.L.c. 30A, §14. The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Coggin v. Massachusetts Parole Bd., 42 Mass.App.Ct. 584, 587 (1997); Boston v. Outdoor Advertising Bd., 41 Mass.App.Ct. 775, 782 (1996), citing Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989). In reviewing the agency’s decision, the reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational Sch. Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982). “The approach is one of judicial deference and restraint, but not abdication.” Amone, 43 Mass.App.Ct. at 33-34. G.L.c. 30A, §14(7)(e) and (g), however, permit a decision to be set aside or modified if the rights of any party may have been prejudiced because the agency decision is unsupported by substantial evidence or is arbitrary or capricious or an abuse of discretion.
Mrs. Demurjian was disqualified from receiving MassHealth benefits pursuant to 130 CMR 520.019(D), which states that “any transfer of a resource ... or interest in a resource, owned by the *72 nursing-facility resident or the spouse ... for less than fair market value [is] a disqualifying transfer . . .” for purposes of MassHealth benefits. Once a transfer is determined to be “disqualifying,” the DMA calculates the period of benefit ineligibility. 130 CMR 520.019(H). The hearing officer in Mrs. Demurjian’s case determined that the transfer of assets to her daughter and son-in law was a “disqualifying transfer” because it was made for less than fair market value, and calculated the period of ineligibility as running from August of 1997 to May 28, 1999.
All “disqualifying transfers” however, do not automatically result in a period of ineligibility. 130 Code Mass. Regs. 520.019(G) states that
The Division will not impose a period of ineligibility for transferring resources at less than fair market value if the nursing-facility resident or the spouse demonstrates to the Division’s satisfaction that:
(1) the resources were transferred exclusively for a purpose other than to qualify for MassHealth: or
(2) the nursing-facility resident or spouse intended to dispose of the resources at either fair market value or for other valuable consideration. Valuable consideration is a tangible benefit equal to at least the fair market value of the transferred resource.
In this appeal, Mrs. Demurjian argues that the DMA failed to establish by substantial evidence that (1) the transfer of her assets was for the purpose of qualifying for MassHealth benefits; or that (2) she transferred assets for less than fair market value. The DMA contends that the hearing officer had substantial evidence before him to determine that the $100,000 conveyance to Mrs. Demurjian’s daughter and son-in-law was for less than fair market value.
This Court does not find fault with the DMA’s finding that Mrs. Demurjian’s transfer of $100,000 was a transfer for less than fair market value. Mrs. Demurjian contended at the hearing that the agreement her daughter and son-in-law executed on August 1, 1997 gave her and her husband a life estate in the property and that life estate was valued at over $100,000 at the time of the transfer. She did not receive a “life estate,” however, in the property purchased by her daughter and son-in-law, but instead received merely the right to live there for an extended period of time, subject to the payment of $200 in rent and contribution toward utilities. The value of the right Mr. and Mrs. Demurjian received under the agreement their daughter and son-in-law signed in August of 1997 did not have a fair market value of $100,000, although this Court does find that the right they received was of some value.[1]
The hearing officer’s decision, however, does not address the issue of whether Mrs. Demurjian’s resources were transferred exclusively for a purpose other than to qualify for MassHealth. In a footnote to its Opposition to Plaintiffs Motion for Judgment on the Pleadings, the DMA states that “plaintiffs contention that the money in question was transferred for an exclusive purpose other than to qualify for MassHealth benefits must fail. Unfortunately, at the time of application, Mrs. Demurjian was an 81-year-old woman suffering from the debilitating disease of Parkinson’s. It is reasonable for the Division to question the intent of the transfer of resources.”
While it may be “reasonable” for the Division to question the transfer, the hearing officer was nonetheless compelled to consider this issue at hearing, particularly where Mrs. Demurjian raised it in her “Memorandum in Support of MassHealh Eligibility” at the Fair Hearing. The fact that the DMA had reason to question the transfer does not equate to a finding, by substantial evidence, that the transfer of her assets was for the purpose of qualifying for MassHealth benefits. “Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion.” Salaam v. Commissioner of the Dept. of Transitional Assistance, 43 Mass.App.Ct. 38, 39 (1997), citing G.L.c. 30A, §1; Amone, 43 Mass.App.Ct. at 34. In this case, the hearing officer did not make a determination, based on substantial evidence, as to the purpose of Mrs. Demurjian’s transfer to her daughter and son-in-law.
It appears to this Court that the resources transferred to Mrs. Demurjian’s daughter and son-in-law may have been transferred for the exclusive purpose of assisting their daughter in purchasing a new home which would provide them with a comfortable place to live in their declining years. The “exclusive purpose” of the transfer, as far as Mrs. Demurjian is concerned, was to provide Mr. and Mrs. Demurjian with a home to live in for the rest of their lives, with handicapped access and round the clock supervision. The DMA may or may not accept that proposition, but it is obliged to consider it before imposing a period of ineligibility. Accordingly, this Court will remand this case to the DMA, for consideration of whether Mrs. Demurjian’s transfer of assets to her daughter was “exclusively for a purpose other than to qualify for MassHealth.”
ORDER
It is therefore ORDERED that the DMA’s decision is REVERSED and the matter is REMANDED to the DMA for consideration of whether Mrs. Demurjian’s transfer of assets was “exclusively for a purpose other than to qualify for MassHealth.”

While this Court finds that the consideration the Demurjians received in exchange for their money did not have a fair market value of $100,000, it disputes the hearing officer’s finding that the promise to let the Demurjians live in the house for life, at a payment of $200 in rent and contribution toward utilities, did have some value. The sum charged for rent, $200 per month, is far below what the Demurjians would have had to pay if they had moved into an assisted living facility or a nursing home. It would appear that the $100,000 was, in essence, an advance payment of rent, the value of which surely exceeds $200.00 per month.