Connolly, J.
This case comes before the Court seeking judicial review under ch. 30A, § 14 of a decision of the Contributory Retirement Appeal Board (CRAB) denying the request of Carol Abel (Abel) to include the yearly stipend that she received as Director of the Intergenerational Program of the Westwood Public Schools as regular compensation for retirement purposes.
Here the facts are rather simple. The plaintiff, Carol Abel, was a music teacher in the Westwood Public Schools from 1961 to 1964 and from 1974 until she retired for superannuation on June 30, 1999. In 1983, the plaintiff and another person started a music program called the Intergenerational Program, in which fourth graders and senior citizens participated.[1] The plaintiff held the position of Music Director and the other individual held the position of Program Director. Both were paid a stipend that was bargained for as part of collective bargaining between the Westwood School Committee and the Westwood Teachers’ Association. The Collective Bargaining Agreement in effect between September 1, 1991 and August 31, 1994 listed the stipends to be paid to each of the Directors. When the other individual was denied an increase in her stipend, she resigned. During the on-going negotiations for the 1994-1997 collective bargaining agreement, both the Teachers’ Association and the School District were aware that the Superintendent of Schools was negotiating with Ms. Abel to take over the position of Director of the Intergenerational Music Program. In 1995, Ms. Abel agreed to take over both positions of Program Director and Music Director. The collective bargaining agreement in effect from 1994 to 1997 and again from 1997 to 2000 did not contain a stipend for the position of Director of the Inter-generational Music Program. From the testimony of James J. Pender, President of the Westwood Teachers’ Association at the DALAhearingon July 26,2000, and the four letters listed below and entered as exhibits, it appears that it was simple inadvertance that resulted in the failure to refer to the $6,500 in the CBA. When considered with the fact that the stipend(s) were listed in the CBA from September 1, 1991 to August 31, 1994, this Court cannot think of any other reason why it would have not been included in the CBA from 1994 to 1997 and from 1997 to 2000. Certainly there is no evidence, from any other sources, of any other reason why it would have been omitted.
Ms. Abel in 1996-1997 received stipends of $6,500 as Program Director and $ 1,205 as Music Director. For school year 1998-1999 she received stipends of $8,000 as Program Director and $1,278 as Music Director. Ms. Abel and the Superintendent of Schools agreed what the compensation would be for the position of Program Director.
The TRB states that the position of Program Director was not part of the bargaining process and was not reflected in the collective bargaining agreement during *294 the period that the plaintiff held the position. Therefore, the TRB argues that since the stipend paid to the plaintiff was not under the terms of an annual contract, it cannot be considered regular compensation.
The plaintiff takes the position that it was an “out- and-out" mistake or by inadvertance that her annual stipend was not referred to in the annual contract. In the record at the “DALA” hearing, four letters were introduced as follows.
1. Letter of Leo J. Crowe, Jr., Assistant Superintendent Retired, dated 5/26/99 indicating that Ms. Abel “was paid in addition to her regular contact as per the Westwood Public School contract with the Westwood Teachers’ Association.”
2. Letter from Thomas J. Brown, President, West-wood Teachers’Association, dated 7/6/99, indicating inter alia that “Carol’s position as the Director of the Intergenerational Program was left out of the listing of special activity positions in the contract.”
3. Letter from James J. Pender, Assistant Principal at Westwood High School, dated 7/13/99 to the TRB indicating his role in the matter. He states that the School Superintendent agreed to pay Ms. Abel $6,500. “At the same time, I was negotiating the contract for the Westwood Teachers’ Association, I was not informed of these negotiations by the Superintendent. In my opinion, this was an oversight on the part of the Superintendent and should not result in a lifetime penally to Ms. Abel.” He further states that Ms. Abel should not be punished because the Superintendent failed to tell him that the “teachers’ contract should recognize Ms. Abel’s position.”
4. A further letter from Leo J. Crowe, dated 8/11/99 indicating that it “was through oversight, the Director position was not spelled out in the last contract between the Westwood Teachers’ Association and the Westwood School Committee.”
The Teachers’ Retirement Board states that the rule is clear. The stipend was not paid to Ms. Abel as “regular compensation,” and that the stipend was not paid under the terms of the CBA. See ch. 32, §1. Notwithstanding any errors committed in the drafting of the contract, the law is clear that the compensation must have been paid out as “regular compensation,” and hence mentioned in the contract.[2]
STANDARD OF REVIEW
This is a ch. 30A, § 14 appeal of the CRAB’s decision. The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Coggin v. Massachusetts Parol Bd., 42 Mass.App.Ct. 584, 587 (1997). In reviewing the agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Iodice v. Architectural Access Bd., 424 Mass. 370, 375-76 (1997). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational Sch. Dist v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982). “The approach is one of judicial deference and restraint, but not abdication.” Arnone v. Comm’r of the Dept, of Social Services, 43 Mass.App.Ct. 33, 34 (1997). A court may not dispute an administrative agency’s choice between two conflicting views, even though the court would justifiably have made a different choice had the matter come before it de novo. Seagram Distillers Co. v. Alcoholic Beverages Control Comm’n, 401 Mass. 713, 721 (1988).
This Court may reverse or modify the agency decision if it determines that the substantial rights of any party may have been prejudiced because the agency decision is unsupported by substantial evidence or arbitrary or capricious, an abuse of discretion or otherwise not in accordance with law. Ch. 30A, § 14(7).
DISCUSSION
The basic simple issue to be decided in this case is whether the payment of a yearly stipend of $6,500 to Ms. Abel for her work as the Director of the Inter-generational Music Program qualifies as “regular compensation” as defined by ch. 32, §1. There is no question that Ms. Abel’s work constituted valuable, dedicated and creative additional services for the children and senior citizens of Westwood. The crux of the matter is whether the $6,500 stipend was “payable under the terms of an annual contract,” i.e., a written contract between the Westwood School Committee and the Westwood Teachers’ Association. The answer in this case is that it was not. The findings of CRAB and DALA are supported by substantial evidence. Substantial evidence is evidence as a reasonable mind might accept as adequate to support a conclusion.[3]
ORDER
After hearing, the plaintiff, Carol Abel’s Motion for Judgment on the Pleadings is DENIED. Judgment on the pleadings is ORDERED to be entered for the defendants, Contributory Retirement Appeal Board and Massachusetts Teachers’ Retirement Board and the decision of the Contributory Retirement Appeal Board is AFFIRMED.

 The program was highly creative, successful and greatly appreciated by the participants and citizens of Westwood. The program brings together 4th graders and senior citizens who practice separately to learn three-part singing. In May of each year, the two groups came together to meet, have dinner and perform in concert.

 TRB emphatically states and quotes in its memorandum that “the statutory intent is clearly to exempt irregular payments of compensation from the retirement base.” Hallett v. CRAB, 431 Mass, 66, 70 (2000). Ch. 32, §1 requires that the salary be payable under the terms of the annual contract and be set forth in writing in the contract. The Court in Boston Association of School Administrators and Supervisors v. Boston Retirement Board, 383 Mass. 336, 341 (1981), stated ch. 32, §1 and §5(2)(a) establish “a safeguard against the introduction into the computations of adventitious payments to employees which could place untoward, massive, continuing burdens on the retirement systems. (The safeguard is needed especially where the public entity that negotiates a collective *295 agreement is not the one that will have to find the funds to pay the continuing retirement benefits above the avails of employee contributions.)"

 Ms. Abel, it appears from the record, spent 17 years developing and nurturing this highly successful and innovational school community program. This Court is of the belief that the denial of this addition to Ms. Abel’s pension is a harsh and unfair result, especially when the inadvertance was due to another or other Westwood School employee(s). This Court however is bound-by the statute, and by the Massachusetts Appellate Courts’ precedents. See Dylan Keene vs. Brigham & Women’s Hospital, 439 Mass. 223 (2003). Perhaps a possible solution may be the filing and passage of a special bill in the Legislature to correct this wrong.