Lemire, James R., J.
The plaintiff seeks judicial review, pursuant to G.L.c. 30A, §14, and G.L.c. 6, § 178M, of a final decision by a hearing examiner of the Sex Offender Registry Board (“the Board”) finding that the plaintiff poses a moderate risk to reoffend, a moderate degree of dangerousness, and classifying him as a Level 2 sex offender.[1] The plaintiff now moves for judgment on the pleadings and asks this court to vacate the Board’s decision, claiming that: (1) based on the nature of his crime, the Board’s regulatory factors should not have been applied to him; (2) the Board’s decision was not based on substantial evidence; and (3) because the Board’s decision was not based on substantial evidence, the Board should have introduced expert testimony to support its position. The plaintiff would have this court relieve him of his duty to register, or in the alternative, reclassify him as a Level 1 sex offender. The Board also moves for judgment on the pleadings. After a hearing on March 28, 2007, and for the reasons set forth below, the plaintiffs motion for judgment on the pleadings is DENIED and the Board’s motion for judgment on the pleadings is ALLOWED.
BACKGROUND
On February 28, 2000, the plaintiff pled guilty to three counts of inducing a minor into prostitution. The plaintiff works and resides in the Commonwealth. On April 15, 2003, in compliance with the Sex Offender Registry Law (the “SORL”), G.L.c. 6, §§178C-178g, and 803 Code Mass. Regs. §§1.00-1.41, the Board notified the plaintiff that he must register as a Level 2 sex offender. The plaintiff subsequently made a timely request for a hearing to challenge the Board’s recommendation. On April 11, 2005, a hearing was held before a Board hearing examiner. In his final decision, dated May 10, 2005, the hearing examiner found that the plaintiff had a duty to register as a Level 2 sex offender in the Commonwealth. Shortly thereafter, the plaintiff commenced this action pursuant to G.L.c. 30A, §14, and G.L.c. 6, §178M, challenging the hearing examiner’s decision.
DISCUSSION
I. Standard of Review
“The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity.” Coggin v. Massachusetts Parole Bd., 42 Mass.App.Ct. 584, 587 (1997). G.L.c. 30A, §14(7), provides the following:
The court may affirm the decision of the agency, or remand the matter for further proceedings before the agency; or the court may set aside or modify the decision, or compel any action unlawfully withheld or unreasonably delayed, if it determines that the substantial rights of any party may have been prejudiced because the agency decision is (a) In violation of constitutional provisions; or (b) In excess of the statutory authority or jurisdiction of the agency; or (c) Based upon an error of law; or (d) Made upon unlawful procedure; or (e) Unsupported by substantial evidence; or (f) Unwarranted by facts found by the court on the record as submitted or as amplified under paragraph (6) of this section, in those instances where the court is constitutionally required to make independent findings of fact; or (g) Arbitraiy or capricious, an abuse of discretion, or otherwise not in accordance with the law.
The court’s review of an agency’s decision is confined to the administrative record. G.L.c. 30A, §14(5). In reviewing an agency decision, the court gives deference to the specialized knowledge and expertise of the agency, see G.L.c. 30A, §14(7), and may not substitute its own judgment for that of the agency. Southern Worcester County Reg’l Vocational Sch. Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982).
II. Analysis
A. Application of the Board’s regulatory factors
Pursuant to the SORL, the Board must evaluate individual sex offenders to determine each individual’s risk of reoffense and the degree of danger he or she poses to the public. G.L.c. 6, §178K(1). To aid the Board in making such a determination, the SORL lists several factors the Board may consider. G.L.c. 6, §178K(l)(a)-(l). The SORL also charges the Board with the duty to promulgate guidelines expanding upon those statutory factors, G.L.c. 6, §178K(1), which the Board did by developing the regulatory factors enumerated in 803 Code Mass. Regs. 1.40.
The plaintiff claims that, because he did not physically commit a sexual assault, the Board should not have classified him using the statutory and regulatory factors set forth in G.L.c. 6, §178K(l)(a)-(l), and 803 Code Mass. Regs. 1.40. However, the SORL specifically includes inducing a minor into prostitution within the definition of sex offense. G.L.c. 6, §178C. Accordingly, *282 one who pleads guilty to inducing a minor into prostitution pleads guilty to a sex offense, is a sex offender pursuant to G.L.c. 6, §178C, and must be classified through use of the Board’s statutory and regulatory factors, regardless of whether or not the offender physically committed a sexual assault. See G.L.c. 6, §178K(1); 803 Code Mass. Regs. 1.40. As such, the Board did not err in applying the statutory and regulatory factors set forth in G.L.c. 6, §178K(l)(a)-(1), and 803 Code Mass. Regs. 1.40 to classify the plaintiff.
B. Whether the Board’s decision was based on substantial evidence
The plaintiff claims that the Board’s decision to classify him as a Level 2 sex offender was not supported by substantial evidence. Substantial evidence is evidence that a “reasonable mind might accept as adequate to support a conclusion.” Doe No. 10216 V. SORB, 447 Mass. 779, 787 (2006). After the plaintiffs hearing, the hearing examiner issued a twenty-five-page decision and applied sixteen of the Board’s statutory and regulatory factors to the plaintiff. The hearing examiner concluded as follows:
In considering all of the applicable statutory and regulatory factors, the impression I have from all the evidence presented, is that [the plaintiff] presents a moderate risk of reoffense and a moderate degree of dangerousness.
[The plaintiff] committed his sex offenses when he arranged for two men to have sex with a teenage male in return for money, actively encouraged the act and financially benefited from it, and was present as a “lookout” during the criminal sexual assaults. His self-reported substantial past alcohol and drug abuse history links sex offense recidivism risk to the specter of substance/or alcohol abuse relapse. As such occurred as recently as 2004 and led to probation violations, relapse is not implausible, and whether [the plaintiff] may be driven by deviant motive or purely monetary considerations attendant to drug use does not decrease [the] concern that he may again victimize a youngster to satiate whatever need compels him ... To his credit, the petitioner participated in sex offender treatment while at the DOC[,] however!,] he was later terminated from phase IV for violating the rules of the program. While incarcerated at the DOC, [the plaintiff] was sanctioned for supplying prescriptions [sic] drugs to another inmate. In 2003, [the plaintiff] wrote a letter to the Board indicating that he is [sic] sober and trying to maintain a “structured life[,]” however!,] shortly thereafter!,] his probation was violated and he was committed to the House of Correction. Evidence suggests that this violation was due to [the plaintiffs] substance abuse relapse!,] thus negating his claims ofsobrietyarticulatedinhiscorrespondence with the Board. Again, given that his sex offenses were fueled by his addiction, it is concerning that his substance abuse is not under control.
He is currently in treatment with Dr. Plaud and is on probation with Worcester Superior Court. Dr. Plaud stated that his treatment with [the plaintiff] is more for “general life skills” and [is] not sex offender specific. Dr. Plaud believes that [the plaintiff] would not benefit from sex offender specific treatment because he is a sex offender only by the Board’s legal definition and that since there was no physical contact with the Victim than it would be difficult to treat him as a sex offender. Additionally, Dr. Plaud opines that [the plaintiff] is presently in the low range for risk and feels that [the plaintiff] should not even have to register with the Board based on the nature of his crime. Dr. Plaud discussed the inability to apply actuarial and risk assessments to [the plaintiff] as evidence of that evaluation. Dr. Plaud also points to the memo from Dr. Barbara Schwartz who also confirms her difficulty in treating [the plaintiff] because of the nature of his crime and [the] lack of sexual contact.
As noted, while not unmindful of Dr. Plaud’s credentials and sincerify, and notwithstanding the somewhat unusual circumstances of [this] case that perhaps render[s] traditional risk assessment more difficult, I believe the law provides via joint venture analysis the nexus necessary to apply pertinent Board regulations to the acts. All things considered, ... I find [the plaintiff] poses a moderate risk of reoffense and degree of dangerousness at this time.
Review of the hearing examiner’s detailed findings demonstrates that he, as required, properly considered all of the aggravating factors and balanced them against the mitigating factors that weighed in favor of a lower classification. See G.L.c. 6, §178K(1); 803 Code Mass. Regs. §1.40.[2] The hearing examiner also took the opinion offered by the plaintiffs expert into consideration. Based on the evidence before him, the hearing examiner was justified in classifying the plaintiff as a Level 2 sex offender, and therefore, his classification was based on substantial evidence. The decision is well reasoned and supported by the facts in the record. See Massachusetts Elec. Co. v. Department of Pub. Utils., 376 Mass. 294, 312 (1978); Howe v. Health Facilities Appeals Bd., 20 Mass.App.Ct. 531, 537 (1985).
C. Expert testimony
The plaintiff claims that, because the hearing examiner’s decision was not based on substantial evidence, the hearing examiner should have introduced expert testimony to support his classification decision and to rebut the testimony offered by the plaintiffs expert. As discussed above, the hearing *283 examiner’s decision was based on substantial evidence and the hearing examiner carefully considered the opinion offered by the plaintiffs expert in making it. In addition, the Supreme Judicial Court has held that the use of experts during classification proceedings is discretionary. Doe No. 10216, 447 Mass. at 785. As such, the Board did not err in failing to proffer expert testimony to support its classification of the plaintiff or to rebut the testimony offered by the plaintiffs expert.
ORDER
For the foregoing reasons, the plaintiffs motion for judgment on the pleadings is DENIED and the defendant Sex Offender Registry Board’s motion for judgment on the pleadings is ALLOWED.

A Level 2 classification requires the plaintiff to register as a sex offender and allows members of the public to obtain information regarding the plaintiff upon request and after showing the need for such information. G.L.c. 6, §§178D, 178I-178K.

As stated above, the heating examiner applied sixteen of the statutory and regulatory factors. The hearing examiner considered fourteen aggravating factors, two of which were high nsk factors, and two mitigating factors.