Quinlan, Regina L., J.
The plaintiff brings this action seeking judicial review pursuant to G.L.c. 30A, §14 of the decision of the defendant Board of Appeals of Motor Vehicle Liability Policies and Bonds (the Board) affirming the decision of the Registry of Motor Vehicles suspending the plaintiffs license for failure to comply with G.L.c. 90, §24 1/2 (“Melanie’s Law”). For the following reasons, the plaintiffs Motion for Judgment on the Pleadings is DENIED.
*620 BACKGROUND
Based upon the administrative record and transcript of proceedings before the Board, the court summarizes the facts for the purposes of this decision.
The plaintiff had a cumulative eight (8) year revocation of her license to operate a motor vehicle based upon three convictions for operating under the influence. The period of revocation began on January 7, 1996 and terminated on January 7, 2004. As of the termination of the revocation period, the plaintiff was eligible to apply for reinstatement of her license.
On April 1, 1999, the plaintiff successfully applied for and obtained an employment hardship license pursuant to G.L.c. 90, §24(l)(c). Since the hardship license was due for renewal on January 1, 2004, the plaintiff successfully renewed it on December 26, 2003, prior to expiration of the period of revocation.[1] The restriction limiting plaintiffs operation of a motor vehicle to the twelve hours from 7:00 am. to 7:00 p.m. was on the renewed hardship license.
As of January 7, 2004, the revocation period expired. The plaintiff was then eligible to have the restrictions on the hardship license removed. She did not do so until December of 2010.
On January 1, 2006, G.L.c. 90, §24 1/2 known as Melanie’s Law became effective.
In January of 2009, the plaintiff went to the Falmouth office of the Registry pf Motor Vehicles to renew her license which still had the hardship restrictions. The license was renewed with those hardship restrictions.[2] In December of 2010, the plaintiff went to the Yarmouth office of the Registry to remove the restrictions.[3] This request from the plaintiff precipitated the Registry initiating a regulatory complaint to require installation of an interlock ignition device (an IID). Ultimately, on January 5, 2011, the plaintiffs license was suspended as a result of her failure to install the IID. The plaintiff appealed her suspension to the Board which affirmed the decision of the Registry.
DISCUSSION
The scope of review of an agency’s decision is governed by G.L.c. 30A, §14 which provides that the court may “either affirm, remand, set aside or modify an agency’s decision ... if it determines that the substantial rights of any party may have been prejudiced because the agency’s decision is:
(a) In violation of constitutional provisions; or
(b) In excess of the statutory authority or jurisdiction of the agency; or
(c) Based upon an error of law; or
(e) unsupported by substantial evidence; or
(f) unwarranted by facts found by the court on the record as submitted . . . ; or
(g) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law."
The party appealing an administrative decision bears the burden of demonstrating that the decision is invalid. Coggin v. Massachusetts Parole Bd., 42 Mass.App.Ct. 584, 587 (1997), citing Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989).
G.L.c. 90, §24 1/2 or Melanie’s Law provides in pertinent part:
No person whose license has been suspended in the commonwealth ... by reason of ... a conviction . . . operating a motor vehicle . . . while under the influence of intoxicating liquor . . . shall be issued a new license or right to operate or have his license or right to operate restored if he has previously been . . . convicted, unless a certified ignition interlock device has been installed on each vehicle owned, each vehicle leased and each vehicle operated by that person as a precondition to the issuance of a new license or right to operate or the restoration of such person’s license or right to operate . . .
The plaintiff has asserted that she should not have been subject to Melanie’s Law because her period of revocation had expired prior to the effective date of the Law. There is no dispute on the record that the plaintiff was eligible to apply for full reinstatement of her license as of January 7, 2004, some two years prior to the effective date of Melanie’s Law.[4]
The plaintiffs complaints concerning retroactive application of Melanie’s Law and her due process claims have been resolved in Gordon v. Registry of Motor Vehicles, 75 Mass.App.Ct. 47 (2009), which this court considers controlling. In Gordon, the plaintiff had been eligible to apply for full reinstatement of his license as of December 17, 2005. To his detriment, he delayed making that application until January 3, 2006, two days after the effective date of Melanie’s Law. The Appeals Court held that Melanie’s Law was not an ex post facto law. Nor did it implicate double jeopardy concerns. The court noted that the IID provision is part of a large statutory scheme aimed at reducing the number of accidents caused by drunk driving. Recognizing that parts of that statutory scheme are penal in nature, the court found the IID provision to be remedial and nonpunitive. Id. at 52, citing Rushworth v. Registrar of Motor. Vehicles, 413 Mass. 265, 270-71 (1992); Dupont v. Chief of Police of Pepperell., 57 Mass.App.Ct. 690, 694-95 (2003).
In Gordon, the defendant had raised the issues of retroactivity and due process concerning the application to his circumstances. His arguments failed because the triggering event resulting in the application of Melanie’s Law was not his prior convictions but his decision to apply for reinstatement of his license after the effective date of the Law.
With respect to the plaintiff King, the event triggering application of Melanie’s Law in her case was her decision not to take advantage of that window of opportunity from January 7, 2004 through December *621 31, 2005. To her detriment, the plaintiff delayed seeking full reinstatement of her license and removal of the hardship restrictions until December 2010. The statute applied to her because she failed to seek elimination of the hardship restrictions at any time from January 7, 2004 through December 31, 2005. Id., citing Commonwealth v. Bruno, 432 Mass. 489, 497-98 (2000) (“When the conduct triggering the statute’s application occurs on, or after its effective date, the statute’s application is deemed prospective, and therefore permissible”).
With respect to her as applied argument, there are a number of factors in her favor. The plaintiff relies on a telephone call made to the Registry on December 26, 2003 on her behalf. The court notes that notwithstanding the call the renewed hardship license issued with the restrictions plainly visible. The plaintiff had ample time to go to the Registry to seek removal of the restrictions before the effective date of Melanie’s Law. The court also notes that there was no evidence that the Registry notified the plaintiff that she was required to come in to remove the hardship restrictions when she was eligible to do so. Nor was there any indication that in 2009 when the plaintiff renewed her hardship license the Registry made any attempt to either enforce Melanie’s Law or to notify the plaintiff that she would be subject to that law notwithstanding the fact that she was eligible to seek removal of the restrictions.
In reviewing the agency’s decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992); Seagram Distillers Co. v. Alcoholic Beverages Control Comm’n, 401 Mass. 713, 721 (1988). The court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982). The factors in the plaintiffs favor do not demonstrate that she has satisfied her burden in this appeal.
ORDER
Based upon the foregoing, the plaintiffs Motion for Judgment on the Pleadings is DENIED. Judgment shall enter AFFIRMING the decision of the defendant.

At the hearing before the defendant, a Susan Martin appeared. She was identified as a friend of the plaintiff. Counsel represented that on December 26, 2003, Susan Martin had called the Registry for the plaintiff to ask if the plaintiff would have to go to the Registry to remove the hardship restrictions. Counsel proffered that she was told the plaintiff would not need to come back. Maura Mathers of the Registry of Motor Vehicles stated, “Clerical staff does not have the authorization to remove a restriction. It can only be removed by a hearing officer. When you call up over the phone or you do a renewal in a branch, you’re actually seeing the clerical staff, and the clerical staff will then advise you to go speak with a hearings officer regarding your restriction.” Matthew E. McLaughlin, designee of the Registry, said that the plaintiff would have had to go back seven days later (when her suspension terminated) and pay “twenty bucks” to receive a reprint of the license without the restrictions. Neither Ms. Martin nor Ms. Mathers were sworn. There was no documentary evidence reflecting the procedure for removing restrictions or concerning the policy of the Registry.

There is no indication that the Registry sought to enforce the provisions of Melanie’s Law at the time of the 2009 renewal.

According to counsel for the plaintiff, she decided to go to the Registry to remove the restrictions because she was unable to rent a vehicle with the restricted license.

Given the plaintiffs work history and period of sobriety, it does not appear on the record that, had the plaintiff applied for full reinstatement, there would have been any impediment to her having her license reinstated without restrictions.